**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ADELINA GARCIA; ANTONIO
GARCIA; JERONIMO
VARGAS-VERA; EFRAIN
AGUILAR; PAULINA AGUILAR;
ADELAIDA AGUIRRE; JOSE R.
AGUIRRE; SALVADOR ALMANZA;
MIGUEL AMAYA; ROGELIO
ANDRADE; JESUS ANGUIANO;
EFIGENIA ARANA; JOSE R.
ARANA; RAMON ARANA; ALMA
ARMENDARIZ; JORGE L. BANDA
VALADEZ; DELFINO BARRAGAN;
LUCIA BARRAGAN; RAMON P.
BARRAGAN; HOLGA BENITEZ;
BALTAZAR BONILLA; MARIA
GUADALUPE BONILLA;
CATALINA BUSTILLOS;
BERNARDO CALDERON;
ETELVINA CALDERON; GLORIA
CALZADA DE CARILLO; MANUEL
CALZADILLAS; JOAQUIN
CAMACHO; ROBERTO CANO;
ROSA M. CANO; ALBERTO
CARRILLO; JAVIER
CARRAVAJAL; LUIS CASTANON;
MARIA ROSARIO CASTILLO;
VICTOR CASTILLO; DAVID
CASTRO; CIPRIANO CERNA;
FLAVIO CHAVEZ; JOSE A.
CHAVEZ; GRISELDA CLARO;
JESUS CLARO; JOSE L.
CONTRERAS; ELISEO PEREZ
CORREA; AGUSTIN CRUZ; FLOR
ANGELA CRUZ; LORENZO CRUZ;
SOCORRO DE LEON; AURORA

No. 07-3162

CHAVEZ DE MONTES; JAVIER DELGADO; JOSE N. DELGADO; LILIANA MARTINEZ DELGADO; LOREZO DELGADO; GILDARDO RAMON DIAZ; ROSA D. DIAZ; CARMELO G. DIAZ-SANTAMARIA; ANA DURAN; EDGAR E. DURAN; ABE DYCK; ELIZABETH DYCK; FERNANDO H. ESCALANTE; MARINA ESCALANTE; CANDIDO HERNANDEZ ESCOBEDO; CARLOS E. ESPINO; FRANCISCO ESTRADA; HUMBERTO ESTRADA; MARIA ESTRADA; AIDE B. ESTRADA VITAL; JESUS FELIX; JOSE FLORES; JUAN JOSE FLORES; TOMASA FRAIRE; ERASMO GALAN; MARICELA GALAN; ROMUALDO GALAN; GLORIA GALAVIZ; ROCIO GALAVIZ; CIRO GALVEZ; SILVIA REYES GALVEZ; AGUSTIN GARCIA; BERTHA GARCIA; HUMBERTO PEREZ GARCIA; LUZ E. GARCIA; MAURO GARCIA; MOISES GARCIA; MARIA S. GLORIA; ELIA GOITIA; MELQUIADES GONZALES; JUAN M. GONZALEZ; MARIA T. GONZALES; MIGUEL LORENZO GONZALEZ; ROSARI MELENDEZ GRANDE; MANUEL GUERRERO; SAMUEL GUEVARA; ANGEL R. GUTIERREZ; EUSEBIO GUZMAN; JUANA GUZMAN; LETICIA GUZMAN; ROSENDO GUZMAN; SILVIA GUZMAN; ELIZABETH C. HAMILTON; HERBER RUFINO HENRIQUEZ; ALBERTO HERNANDEZ; EFREN HERNANDEZ; ELIDA HERNANDEZ; FELICIANO

HERNANDEZ; FIDEL HERNANDEZ; GUADALUPE HERNANDEZ; JESUS HERNANDEZ; JORGE HERNANDEZ; MARIA HERNANDEZ; MIGUEL ANGEL HERNANDEZ; ROSA HERNANDEZ; WENCESLAO C. HERNANDEZ; WILFRIDO HERNANDEZ; ADRIAN S. HERRADA; AIDA HERRADA; ALFONSO HERRADA; MARIA GUADALUPE HERRADA; ELIZABETH HERRADA DE CRUZ; RANDY HOSKINSON; OSCAR INTERIANO; MARTIN H. ISCO; MARGARITA LEANOS; PEDRO LEYVA; CELSA LEYVA DE GARCIA; BLANCA E. LIRA; DIANA LOPEZ; GENARO LOPEZ; ISMAEL LOPEZ; LAURA LOPEZ; LAURO LOPEZ; MARGARITO LOPEZ; MARIA DEL CARMEN LOPEZ; MARIA DE LA LUZ LOPEZ; MAURA LOPEZ; MIGUEL A. LOPEZ; MIGUEL Z. LOPEZ; RODOLFO LOPEZ; MODESTO LOYA; JOSE A. LUJAN; MANUELA O. GARAY DE LUJAN; BEATRIZ MADERA; MONICA MARMOLEJO; FELICIANO MARTINEZ; FIDEL MARTINEZ; GANDINO MARTINEZ; LETICIA MARTINEZ; NESTOR MARTINEZ; RAFAELA ORTIZ MARTINEZ; SATURNINO MARTINEZ; MARIO MAYA; DOMINGO MARTIN MEDINA; RAMIRO MEJIA; MARIA DORA MENDEZ; RODOLFO MENDEZ; BEATRIZ MENDOZA; IRENE E. MERINO; DIONILA MEZQUITA; MARIA MOLINA; MAXIO A. MOLINA; SERGIO A.

MONRREAL-ROCHA; RAUL MONRROY; ALFONSO MONTANO; LUIS MONTERROZA; ADRIAN MORALES; FRANCISCA MAGALLANES MUNIZ; ALFONSO MURCIA; CARLOS MURGUIA; ABRAHAM SOSA; ABEL NAVARRETE; ALBERTO TAMAYO; LORENZO NAVARRETE; SONIA TAMAYO; RAMON NAVARRETTE; ALISIA NIETO; JOSE J. TERRAZAS; ISAAC OLGUIN; MARIA TERRAZAS; JAVIER OLGUIN; MARY OLGUIN; ALBARO TORRES; MARIA D. OLIVAS; SANG THI TRAN; LAURO ORTEGA; THANH NGOC TRAN; MARIA ROSA ORTEGA; MARICELA LARES ORTEGA; MARIA URRUTIA; YOLANDA ORTEGA; ROLANDO VAILLANT; FRANCISCO A. ORTEZ; MARIA E. VALADEZ; MANUEL OSORIO; YASMIN VALADEZ; JOSE RAUL PALACIOS; MARIA ANGELINA PALACIOS; GILBERTO ARMANDO VALENCIA; MIGUEL PERALES; ABRAHAM VALLEJO; BERTHA PEREZ; GABRIELA PEREZ; BERTHA VALLEJO; JORGE L. PEREZ; MARIANA VANEGAS; MARTHA PEREZ; GERARDO C. VARELA; JOSE ALEJANDRO PINEDA; ALEJANDRO PONCE; JOSE VASQUEZ; IRMA PONCE; RAYMUNDO VASQUEZ; JUAN PONCE; SALVADOR VASQUEZ; JOSE VICTOR PRIETO; ROSA MARIA VELASCO; EUGENE PROKOPINSKI; SAUL VELASCO; JUAN ENRIQUE RAMIREZ;

-4-

MARIA RAMIREZ; NICOLAS RAMIREZ-ACOSTA; JOSE RENTERIA; ALMA RESENDIZ; ESTEBAN RESENDIZ; SANDRA RESENDIZ; JOSE A. REYES; FRANCISCO J. VELAZQUEZ; IRMA G. VELAZQUEZ; MIRIAM DEL CARMEN REYES; FRANCISCO MONTES RIOS; REYMUNDO VIANA; SALVADOR ALVAREZ RIVERA; JESUS VILLEDA; JORGE ROBLES; SANTIAGO VILLEGAS, JR.; LUZ M. ROCHA; SERGIO ZAMORA; GUADALUPE RODRIGUEZ; JOSE R. RODRIGUEZ; MARINA RODRIGUEZ; RAFAEL RODRIGUEZ; ROSA RODRIGUEZ; SALVADOR ROMERO; RUBEN N. SALAS-ORTIZ; RICARDO SALDANA; SIXTO SALDANA; CANDIDO MARINO SANCHEZ; ROSA MARIA SANCHEZ; RAMON SANDOVAL; DANIEL SANTACRUZ; LUIS A. SANTACRUZ; JOAQUIN SANTOYO; SOFIA E. SAUCEDA; ALEJANDRO SERRANO; ARMANDO SERRANO; FERNANDO SERRANO; SERGIO SERRANO; BRENDA SERRATO; RAFAEL SOLIS; DAVID S. SOLORZANO; AARON SOSA; MIGUEL AGUILERA; JUANA ALMANZA; MANUEL ALMANZA; BENITO BARRAGAN; MARIA CERRITOS; ISMAEL CHAIREZ; SARA CHAVARRIA; RAQUEL ESTRADA; ANA R. FLORES; JOSE HUERTA; SOPHIA LAMDERO; ARNULFO LIRA; GABRIELA LIRA; JULIA

-5-

LOPEZ; MANUEL DE JESUS LOPEZ; MARIA A. MARTINEZ; MARIA GUADALUPE MARTINEZ; MAREIAL MORALES; ESTELA MURGUIA; ARMANDO NUNEZ; MICHELLE ORTEGA; OMAR ORTEGA; LUIS ORTIZ; ROSALIA PEREZ; SOCORRO PEREZ; MARIA PEREZ-SERRANO; MELANIA PINEDA; JOSE RAMIREZ; PETER RAMIREZ; STEVEN RAMIREZ; DIANA RAMOS; BLANCA SALMERON; FELIX SOLOZANO; VASHON L. TELFAIR; ARTURO VILLANUEVA; IRINEO ZEPIEN; CARLOS ACOSTA; ELIAS MURILLO AVALOS; HUGO CASTRUITA; ALICIA MUNOZ HERNANDEZ; FRANCISCO HUEREQUE; ALICIA MARTINEZ; JOSE G. MARTINEZ; PEDRO NEAVE; CATALINA ALVARAEZ DE NICHOLS; EDUARD NICHOLS; MARIA DEL CARMEN PEREZ; MARIA MARGARITA RENOVA; ALICIA SANCHEZ; MACARIO R. FARIAS; PRIMITIVO GALVEZ; MARIA LOURDES GONZALES; GASPAR BENITO LUX; ENRIQUE MUNOZ; GREGORIA RAMIREZ; SALVADOR SANCHEZ; AURA SANTACRUZ; JOSE I. VALDEZ; HECTOR GARCIA VALLES; JESUS AGUILAR; MARIA A. ARREOLA; FEDERICO G. BALTAZAR; ARMANDO CASTILLO; ABIGAIL CHAIREZ; MARIA ESTRADA CHAIREZ; PATRICIA CORREA; ANGELICA MARIA NUNEZ ENRIQUEZ; JOSE ANSELMO ENRIQUEZ; FRANCISCO

-6-

ESQUIVEL; HUMBERTO ESQUIVEL; TOMAS FELIX; MARIA FLORES; SAMUEL GOMEZ; ELIZABETH GONZALES; KRISTAL GONZALEZ; RONALD W. HARDEN; TEODOLO HEREDIA; MARIO HERRERA; RIBORGERTO JOHNSON; JOSE DE JESUS LIAMAS; LUIS E. LOZANO; MARIO CHAIREZ MARES; EUSEBIO MARROQUIN; MARIA NOELI MONTOYA; NORMA NAIERA MORALES; HUGO ORTEGA; ROSALBA ORTEGA; GONZALO PADILLA; MERCEDES RAMIREZ; SALVADOR ROJO; RODOLFO RUBALCAVA; ROSINDA DE JESUS UCLES; IGINIO CRUZ; FELIPE BRAVO; CHARLES VELAZQUEZ BAEZ; REYNA LOPEZ; AURORA ALDANA; EDUARDO F. NOLASCO; PEDRO BALTAZAR; EDDIE PRIETO; JACIMTO ALMAREZ; CARLOS MARTINEZ; MARIA MARTINEZ; JOSEFINA GARCIA DE RODRIGUEZ; FELIMON RODRIGUEZ; JOSE MARTIN HERNANDEZ; JOSH LUNDBLADE; NORA DURAN; SANDRA M. HERNANDEZ ALFARO; FAUSTO VASQUEZ; JOSE HERNANDEZ; JORGE HINOJOSA; SEVERIONA HINOJOSA; GILBERTO GUILLEN; CRUZ P. RAMIREZ; VIDALINA G. GALVAN; ANTHONY GARCIA; ASCENCION GARCIA; ROBERTO AGUILAR; ROBERTO ALMEDA; BLANCA BENITEZ; DAVID CHAVEZ; LUIS ALBERTO SANTACRUZ CASTANEDA;

-7-

MARTIN FACIO; FEDERICO CHAVEZ; AARON FINDLEY; ANTONIO HINOJOS; MARIA LAGUNA GUERRA; JOEL GARCIA MAEDA; JOSE MORALES; ELIZABETH ONTVEROS; JOEL ORTEGA; MANUELA ORTEGA; JUAN REYES; PEDRO REYES; HELADIO RIVAS; CARMELITA ROSALES; FEDERICO ROSALES; ALFREDO RUTIAGA; REYNA SALINAS; RAMON SOTO; JOSE ARRAS; MARIA DEL CARMEN; ELAINE ROMERO; CARLOS MENDIAS; SABRINA GARCIA; ADAMS MURILLO; AMALIA MORALES; MICHAEL LIBARRA; ARTURO CELIS; SONYA MARIBEL HERNANDEZ; MARIA GERRERO; WILFRIDO INGLES; EDELMIRA VELAZZO; SHARON SMITH; RAMON PEREZ; CINDY CISNEROS; DORA ALICIA MARTINEZ; AMADO FIGUEROA; GUADALUPE QUESADA; PATRICIA ANGUIANO; JOSE LUIS BARRON MENDEZ; MARIA PONCE; LEONARDO GODINEZ VILLALOBOS; J. R. OTERO; ALVARO TORRES; FIDEL REYES; ISMAEL LOPEZ; JOSE VALADEZ; RAFAEL RUIZ; LEOPOLDO SANCHEZ; SAUL RIVERA; MIGUEL ENRIQUEZ; RICARDO MARTINEZ; GLORIA GARCIA; JOSE MINEROS; INES LOPEZ; PEDRO S. HERNANDEZ; ALEJANDRO SOLORZANO; FRANCISCA QUINTANA; CRUZ GUEVARA; CRISTINA TUCKER; PASCUAL BARCENAS; MIGUEL

CORTEZ; MARIA ELENA GOMEZ; ROQUE SOTO; ARMANDO AGUIRRE; JESUS ALVAREZ; GALINDA BANUELOS; LETICIA CARDEMAS; MARIA DAMIAN; GUILLERMO DOMINQUEZ; CARLA ESPINO; OSCAR GALVEZ; BERNABED GRAMAJO; FRANK GUEBANC; FRANCISCO GUERRERO; ANTONIA HERNANDEZ; LETICIA HERNANDEZ; MARCO ANTONIO HERNANDEZ; JOSE MARTINEZ; JOSE LUIS MEDINA; MARTHA MARIA MENDIOLA; SILVIA NAVAR; DAVID RAMIREZ; MARIA I. REYES; FRANCISCO RICO; JUAN RICO RODRIQUEZ; LAWRENCE STEADHAM; MARTIN TERRAZAS, JR.; BERTHA F. TREJO; JUAN VIRQUEZ; MARIA R. PENA; ANTONIO G. VILLEGAS; ISAAC ADAME; CALIXTO AGUILAR; ROSA BARAHOMA; ISAAC BONILLA; JAVIER CASTELLANOS; MARIA CASTRUITA; LUIS ORLANDO COTO; FELIX CRUZ; HIGINIO CRUZ; MARIA CRUZ; JUAN M. CALDERON DOMINQUEZ; JOSE INES SANCHEZ ESPINOZA; JUAN FIGUEROA; VICTORIANO GALVEZ; MARIA E. GOMEZ; ELENA GONZALES; ROBIN E. HERNANDEZ; BERTA HERRERA; BRENDA LEIJA; HERLINDA LEYVA; EDUARDO LOMELIN; NOE LOPEZ; AURELIO MARQUEZ; BARBARO MENDOZA; LUISA MIGUEL; FLORISELA NUNCIO; GILBERTO GARCIA PONCE;

-9-

CRISTINA RENTERIA; HERMENEGILDO RESENDEZ; MARIA ELENA RETANA; LOCADIO ROBERTO RODRIGUEZ; ARMANDO RICO; MARIA RODRIGUEZ; MARIA RUCKER; BLANCA SALAZAR; PATRICK SMITH; MARIA SOLIS; ATANACIO SOLORSANO; SAUL LOPEZ SATELO; LIDIA SOTELO; JOSE ACOSTA; MARIA GUEVARA; CLARA INES LOPEZ; RAMIRO ADAME; HUMBERTO ARREDONDO; MARTHA A. ARREDONDO; CLAUDIA CARDONA; VALENTIN CASTRO; EQUILEO CISNEROS; JESUS GASPAR ESCOBEDO; MARIA ISABEL FELIX; HERMINIO PINO GRACIANO; JOSE R. GUEVARA; LORENA GUEVARA; ALMA ROSE HERNANDEZ; CAROLINA HERNANDEZ; EMILIO LANDEROS; EDGAR LOZA; EDMUNDO NAVARRETE; ANTONIO PUENTES; JUAN A. PUENTES; MAYRA PUENTES; JOEL RAMOS; EDLFANIO REYES; JOSE WIS SALAS; ESEQUIEL SALAZAR; ALMA D. VELAZAQUEZ; ALFREDO AGUILAR; ROSE AGUILAR; JOSEFINA ALCANTAR; JUANA ALMANZA; ISMAEL ALVARADO; CAUDELARIO BONILLA; OSCAR A. CABRERA; AGUSTIN CERVANTES; JOSE CERVANTES; MARIA CERVANTES; ROSA M. CERVANTES; MARTIN CHAIREZ; MARIO FAJARDO; MARTHA HERNANDEZ; MARCO HUERTA;

-10-

ADELAIDO LEAL; IVONNE J. MALONE; JESUS MENDOZA; MARIA C. MORALES; JUAN MUNOZ; LIMBO ADRIANA PEREZ; JOSEFINA PRIETO; SALBADOR RASCOM; LINO SALAS; ANGEL SEIJAS; CRISTINA VARGAS; ANA MARIA ASTORGA; TERESA ESCOVAR; MANUEL H. GONZALEZ; ALICIA HERNANDEZ; RAUL HERNANDEZ; ANA MARIA JIMENEZ; MARIA LEON; SAMUEL LIBERTO; ROSA MACIAS; JAVIER MARTINEZ; JAIME MONARREZ; IVAN MONTES; JUAN NUNEZ; ANTONIO QUESADA; MARIA RIVERA; GABRIEL RODRIGUEZ; JOSE TOPETE; JOSE VLLOA; ROBERT WILSON; MIGUEL LOPEZ ZAVALA; MARIA DE LA LUZ ALEJO; ASENCION BARRIOS; GLORIA BENITEZ; ADRIAN MARTINEZ BONILLA; MARTIN DOMINQUEZ; ANGELICA I. GUADERRAMA; SALVADOR HOLQUIN; MARGARITA OLIVAS; CELERINO PACHECO; MARTHA PENA DE HERNANDEZ; MARIA DEL ROCIO SOTELO; MIGUEL SOTO RODRIGUEZ; JUVENAL SOTELO; ELEVTERIA TORRES ELIAS VELASCO; SAID ABID; DANNY ALVIDREZ; CESAR AQUINO; JUAN ANTONIO BONILLA; GRISELDA CORADO; ABDISALAN GUARAD; EDIN E. GOMEZ; DAVID HERNANDEZ; ESPERANZA HERNANDEZ; JOSE S. LAZARIN; INOCENTE LOPEZ; ABDULKADIR MOHAMED OMAR; CLAUDIA PENA; INOCENTE

PEREZ SANCHEZ; ROCIO PEREZ; JOSE MANUEL PINEDA; RUBEN ROBLES; MARGARITA ROMOS ROJAS; RUSSELL SAUCEDO; MARTHA SANCHEZ; ARACELI ALARCON; BENJAMIN ALVAREZ; ROSA M. BALTAZAR; GILDARDO BARRAGAN; JUAN CHAVEZ; LAQUITA CLARK; ANTONIO MARTINEZ; ANTONIO MARTINEZ CANO; JUAN FRANCISCO MENDEZ; RICHARD MOLINA; MARIA E. MONTANO; JUAN F. MUNOZ; GREGORIO ORTEGA; MARIA FELIX ORTEGA; MICHELL PINEDA; CARMEN RAMIREZ; IMELDA ANILES; JOSE ARANDA; ADRIAN ARCE; LUIS CHAVEZ; GERARDU CONTRERAS; JOSE L. FELIX; RAFAEL G. GALLARDO; MARIA GOMEZ; OLGA V. GOMEZ; MIGUEL GONZALES; MARIA LUISA HERRERA; FLORENCIA CORONADO JUARADO; GUADALUPE LOPEZ; TELESFORO MONTELONGO; ERNESTINE MAGALLANES RIOS; CHRIS MORALES; FRANK RIVERA; JAVIER HERNANDEZ RIVERA; VILMA RUBIO; FEDERICO A. SOLIS; SALVADOR TOQUINTO; MARTIN ALVAREZ; MARCO ANTONIO ARTEGA; EDITH A. BARRERA; JOSE OVIDIO BENITEZ; JOSE L. CORTEZ CASTRO; TONY CRUZ; ROSAMARIA MONTES DE CORTEZ; CARLOS DOMINGUEZ; EUSEBIA DOMINGUEZ; JOSE J. HERRERA GALDAMEZ; OBED LIRA; MIGUEL LOPEZ; VICENTE MARQUEZ;

-12-

MARIA L. MONTELONGO; AURORA RAMOS; JESUS RAMOS; LAURO RIOS; FELIPE ROBLEDO; ELIDA SALVADOR; MARIA SOLORZANO; MANUEL SANCHEZ; DEBBY G. TORRES; GONZALO ALBARRAN; JASINTO ALMARAZ; MARIA E. ALMARAZ; MARIA SARA ALVAREZ; RAFAEL ARAGOMEZ; JUAN ARREOLA; JOSE R. BOTELLO; HECTOR CASTILLO; SAN JUANA CAVAZOS; MARTIN CRUZ; FLORINA DE LEON; ROLANDO DE LEON; ABDON GARCIA; JOSE GOMEZ; VICTOR HERNANDEZ; NOEMI HOLGUIN; CARLOS MARTIN LEYVA; JOSE DE JESUS LLAMAS VALLE; BERTHA A RODRIGUEZ; ARMANDINA SALAZAR; LEONARDO SALAZAR; GUILLERMINA TREJO; JULIA E. TURCIOS; TOMAS VALDIVIA; FRANCISCO O. YESCAS; YADIRA ALBARRAN; CLARA M. ALVARES; SERGIO AVITIA; OBDULIA BARCENAS; EFRIAN DE LEON; MAURICIO GALLEGOS; MAURO I. GARCIA; JACINTO GONZALES-CALVARIO; LUIS I. GONZALEZ; JOSE F. GUEVARA; ALEJANDRO LOPEZ; ANDRES LOPEZ; MARIA LOPEZ; MONICA LOPEZ; GLADYS MERINO; CRISTINA NUNGARAY; ALEJANDRA NUNO; RICARDO PINTO; JOHAN M. PULIDO; CRISTIAN RAMIREZ; MAURICIO RAMIREZ; SOFIA REYES; JOSE GONZALEA RIVERA; MIGUEL RIVERA; ANDREA RODRIGUEZ;

GERARDO RONQUILLO; DOMINGA SALDANA; ROSA SALDIVAR; DIEGO SANCHEZ; JESUS SORIANO; LEOBARDO TREJO; OSCAR VASQUEZ; JOSE ACOSTA; MARTIN ALMARAZ; FERNANDO ALVARADO; BLANCA L. BENITEZ; ERICK JOSE CAMPOS; JOSE ENRIQUEZ; ADELINA ESPINO; GERMAN FERMAN; J. CARMEN FLORES; MARTHA FRANCO; CARMEN I. GONZALEZ ROSA GONZALEZ; VICTOR MANUEL REYES; MANUELA RIOS; MARTIN RIOS; FELIPE TENA; MARGARITA MEZA DE TENA; IRMA VICENTE; FABIAN VILLATORO; ERNESTO ALCANTARA; ELMER LOPEZ; DOMINGO SIERRA; JOSE RODRIGUEZ; DELIA VALENZUCLA; DARLENE ACEVEDO; JOSI ANGEL AMAYA; AUGUSTIN AVILA; MANUEL ANGEL BALBANEDA; JOSE BARRERA; JUAN PABLO CANQLES; MANUEL CISNEROS; RAFAELA CISNEROS; HERMILA CORRAL; LUZ IDALIA CRUZ; CASTELLANO DOMINGUEZ; CRECENCIANO GARCIA; PATRICIA GARCIA; JUAN MANUEL GONZALEZ; ANTONIO HERNANDEZ; ISRAEL HERNANDEZ; SOPHIA LANDERO; ERIC LEDESMA; GUILLERMINA MARTINEZ; INES MUNOZ; MARIA NUNEZ; JONATHAN OLSON; NILLER PINTO; PETER RAMIREZ; ROBERTO RAMIREZ; JOSE R. RECINOS; JOSE ALBERTO

-14-

RODRIGUEZ; MARIA GONZALEZ ROMERO; NANCY ROMERO; HECTOR SALDIVAR; SIMEON SALDIVAR; ELISEO R. SANDOVAL; JOAQUIN SANTOYA; BRENDA TERRAZAS-LEYVA; JESUS H. TERRAZAS; MARIA L. TERRAZAS; HECTOR VALDEZ; JESUS VALLEJO; GUADALUPE ZUNIGA; MARIA BERTHA (BAZAN) CURTIS; MARIA GAMEZ; SULEMA JIMINEZ; JOHN R. JUAREZ; CARLOS ROLVERA; NATALIA AMAYA; JOSE CARMONA; MARIA CARMONA; SARAFIN CLARO; ARCADIO FIGUEROA; JUANA FUENTES; RAMON GOMEZ; NICOLAS GUTIERREZ; MARIA G. GUZMAN; MARIA GUZMAN; ADRIAN HERNANDEZ; ARMANDO HERNANDEZ; RAMON HERNANDEZ; TERESA HERNANDEZ; JOSE M. HERNANDEZ-TORRES; ADRIAN LEON; ESTEVAN LUNA; JOSE LUNA; ERICA JUDITH MAJALCA; ROSA MARKOTTE; FELIPE MEDINA; JUAN MEDINA; CONSUELO MOLINA MEZA; AMPARA NUNEZ; MARIA ONTIVEROS; MARIA CARMEN PEREZ; JUAN MORENO; FILIBERTO SANCHEZ; SERGIO VERA; SAUL SANCHEZ; ROSA VELASQUEZ; YENNY VENTURA; MAXIMINO VIVIDOR; MARIA CRISTINA ZARAGOZA; MARIA HERNDANDEZ ADAME; RAUL AGURRE; CECILIA CHAVEZ; EVANGELINA CRUZ; JOSE A.

-15-

CRUZ; ALICIA DELGADO; WILLIAM A. DUCOS; ADAN FERREL; ETELVINA GARCIA; JOEL GARCIA; ROCENDA GOUZ; ROCENDA GOUX; JESUS GUEVARA; ANTONIA HERNANDEZ; MANUELA C. HERNANDEZ; WESCESLAO HERNANDEZ; FERNANDO LEOS; DORALIA LIRA; VIDAL MADERA; ROSA MAJALIA; ROSALVA MARTINEZ; JAVIER MORALES; ANATOLIO NUNEZ; DANIEL NUNEZ; MARTIMIANA NUNEZ; ATENOJENES MELGAREJO RAMOS; RUBEN RAYAS; MARIA C. RINCONS; CIPRIANA RODRIGUEZ; EDUARDO RODRIGUEZ; JOSE J. RODIQUEZ; ERNEST DE LA ROSA; JOSE HERNAND SANDOBAL; JUANA SEIJAS; LEOBARDO TREJO; RONALDO VAILLANT; ALBERTO GONZALES; ROXANNE GAYLE GUEBARA; BENITA LOZANO; MARIBEL RENTERIA; RENEE D. CANNON; ROBERT R. KRUMME; CONNIE J. MASENTHIN; DORINDA SNYDER; RIBOERTO ARVIZU, individually and on behalf of a class of others similarly situated,

        Plaintiffs-Appellees,

v.

TYSON FOODS, INC.; TYSON FRESH MEATS, INC.,

        Defendants-Appellants.

-16-

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 06-CV-2198-JWL)**

Submitted on the briefs:[*]

Joel M. Cohn, Michael J. Mueller, Evangeline C. Paschal, Christopher M. Egleson, Akin Gump Strauss Hauer & Feld LLP, Washington, D.C., for Defendants-Appellants.

George A. Hanson, Eric L. Dirks, Stueve Siegel Hanson LLP, Kansas City, Missouri, for Plaintiffs-Appellees.

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

**MURPHY**, Circuit Judge.

Defendants-appellants Tyson Foods, Inc. and Tyson Fresh Meats, Inc. (collectively, "Tyson") appeal from the district court's interlocutory order denying their motion for partial summary judgment. We ordered the parties to submit briefs addressing whether this appeal should be dismissed on the ground that the order appealed from was not final. Tyson argues that we have jurisdiction over the appeal under 28 U.S.C. § 1292(a)(1) because the

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

interlocutory order had the practical effect of modifying an injunction that had been entered against its predecessor-in-interest in another case, to which Tyson was now subject. Tyson's argument is that (1) the injunction in question requires it to comply with a certain provision of the Fair Labor Standards Act of 1938 ("FLSA"), (2) the interlocutory order denying summary judgment changed how that provision of FLSA is interpreted in the district, and (3) the interlocutory order therefore had the practical effect of modifying the injunction. We disagree. Because we hold that the interlocutory order had no precedential effect and could not have modified the injunction, we dismiss the appeal.

I.

Consideration of our jurisdiction over this appeal therefore requires analysis of the interplay between the previous lawsuit in which the injunction was entered and the present lawsuit. The previous lawsuit was brought more than fifteen years ago against IBP, Inc., a company that slaughtered cattle and swine and processed and packaged the beef and pork. It was brought by Robert Reich, the Secretary of the Department of Labor ("*Reich* Case") under the FLSA. The second lawsuit is the class-action case presently before us in which the numerous plaintiffs, on behalf of themselves and the class, have accused Tyson, also in the business of slaughtering cattle and swine and processing and packaging beef and pork, of, among other wrongs, violating the FLSA.

In the first phase of the *Reich* Case, *see Reich v. IBP, Inc.* (*Reich I*), 820 F. Supp. 1315 (D. Kan. 1993), the district court held that the time spent by the IBP employees donning and doffing of *standard* protective gear (hard hats, ear plugs, safety footwear and eyewear) ("Standard Gear"), and donning and doffing sanitary outergarments, was not time for which those employees had to be paid under FLSA. The district court, however, also held that the time spent by the IBP knife-wielding employees donning and doffing *specialized* protective clothing and gear was compensable.

Following certification by the trial court under 28 U.S.C. § 1292(b), this court upheld the district court's ruling that the donning and doffing of the outergarments and Standard Gear was not compensable. *See Reich v. IBP, Inc.* ("*Reich II*"), 38 F.3d 1123, 1125 (10th Cir. 1994). We held that donning and doffing Standard Gear was not "work" under the FLSA. *Id*. at 1125-26. We held that the time spent donning and doffing the protective outergarments also was not compensable because it was "essentially time used to change clothes" and because the wearing of such outergarments was primarily for the employees' benefit and, therefore, not "integral and indispensable" to IBP's operations. *Id*. at 1126.

In 1996, in the second phase of the *Reich* Case, the district court entered an injunction (*Reich* Injunction) ordering IBP to not employ any employee "for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one

and one-half times the regular rate at which he or she is employed." Aplt. App., Vol. II at 470; *Reich v. IBP, Inc.*, No 88-2171-EEO, slip op. at 2 (D. Kan. July 30, 1996).

After the *Reich* Case, IBP and Tyson merged and Tyson succeeded to IBP's assets and liabilities. As noted above, Tyson's argument to this court is that the district court's order denying its motion for partial summary judgment had the practical effect of modifying the above portion of the *Reich* Injunction. Therefore, despite the fact that appeals from denials of summary judgment are generally dismissed on jurisdictional grounds as appeals from interlocutory orders, Tyson argues that here it is appealing an interlocutory order modifying an injunction, over which we have jurisdiction under 28 U.S.C. § 1292(a)(1).

Tyson argued in its motion for summary judgment that judgment should be entered in its favor as to any plaintiff's claim for compensation for time spent donning and doffing sanitary outergarments and Standard Gear, because *Reich II* shut the door on claims that those activities were compensable. The district court denied summary judgment on the ground that the Supreme Court's decision in *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005), cast doubt on the analysis behind our holding in *Reich II*. The district court held that summary judgment was inappropriate because it was "convinced that the Circuit, if given the opportunity to revisit the issues in *Reich* [*II*], would approach its analysis of the pertinent issues differently in light of *Alvarez* regardless of whether the Circuit ultimately

-20-

reached the same conclusions concerning compensability." *Garcia v. Tyson Foods, Inc.*, No. 06-2198-JWL, slip op. at 11 (D. Kan. Feb. 16, 2007). The district court held that it believed this court "*might* reach a different conclusion on compensability if analyzed in the context of *Alvarez,*" but that even if we did not, further analysis would be required. *Id.* (emphasis added). The district court, therefore, did not rule that the time spent donning and doffing sanitary outergarments and Standard Gear was compensable after *Alvarez*, but simply that *Reich II* no longer definitively decided the question.

Tyson argues on appeal that the district court's order denying summary judgment "fundamentally changed the FLSA requirements that are incorporated by reference in the injunction." Aplt. Br. in Support of Jurisdiction at 8. In other words, it argues: (1) that the *Reich* Injunction ordered IBP, and now Tyson, to pay its employees–now and into the future–for overtime at a rate not less than one and one-half times the regular rate, (2) how much time and overtime an employee works can only be determined by reference to what work is compensable under present FLSA law, and (3) the district court's order denying summary judgment "changed the [present FLSA] law and thus the injunction itself." *Id.* at 11. It argues:

> Prior to the district court's order, *Reich* [*II*] foreclosed *any possibility* that Tyson could be charged with contempt for failing to compensate employees at non-union facilities for donning and doffing of standard gear and sanitary overgarments that *Reich* [*II*] found to be noncompensable. The district court's decision here,

-21-

however, opens the possibility that the DOL could seek contempt charges against Tyson for the very acts that were deemed noncompensable in *Reich* [*II*].

*Id*. at 12.

As will be explained in detail below, we disagree that the district court order at issue here had any practical effect on the *Reich* Injunction. While it is certainly arguable that the Supreme Court's decision in *Alvarez* had a practical effect on the *Reich* Injunction, that is not our concern at this point in time.

## II.

"As a general rule, only final decisions of the district court are appealable." *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 477 F.3d 1151, 1153 (10th Cir. 2007) (citing 28 U.S.C. § 1291). Nevertheless, as noted above, under 28 U.S.C. § 1292(a)(1), the courts of appeal for the various circuits have jurisdiction over "[i]nterlocutory orders of the district courts of the United States, . . . or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions." Here, Tyson claims that the district court's order denying summary judgment in this case modified the *Reich* Injunction.

The parties agree that the order denying summary judgment did not expressly modify the *Reich* Injunction; it was, after all, entered in a separate legal proceeding. But Tyson argues that the order had the practical effect of modifying the injunction. As discussed above, Tyson's argument has two premises: (1) that the *Reich* Injunction ordered it to comply with a certain provision of the FLSA

-22-

(i.e., properly compensating employees for overtime), and (2) that the district court's order denying summary judgment changed what activities are compensable under the FLSA in the district, thus changing how much time its employees are considered to be working and having the practical effect of modifying the *Reich* Injunction.

## A.

As to Tyson's first premise, we note that following the district court's order denying partial summary judgment, Tyson filed a motion under Federal Rule of Civil Procedure 59(e) asking the district court to alter or amend its denial. In its motion, Tyson asked the court to reverse its decision or, if it decided not to do so, to "acknowledge it ha[d] modified the [*Reich*] injunction, either explicitly or as a practical matter, by ruling that the standard items and 'sanitary outergarments' are no longer non-compensable as a matter of law." Aplt. App., Vol. II at 340. In its reply to plaintiffs-appellees' response to the motion, Tyson clarified its claim. It argued that "[b]y eliminating a long-standing defense that certain clothing items . . . are non-compensable as a matter of law, the Court has effectively modified the *Reich* injunction's admonition that IBP was to take action consistent with the 'activities found [by Judge O'Connor and the Tenth Circuit] to be compensable under the Act.'" *Id*. at 382-83 (*quoting Reich*, No. 88-2171-EEO, slip op. at 3) (second alteration in original). Tyson argued that the district court's order denying summary judgment "wholesale eliminated defenses that both the

[Department of Labor] and IBP clearly understood were available in light of the Tenth Circuit's liability decision in *Reich* [*II*]."  *Id*. at 383 n.2.

In denying Tyson's motion, the district court held "[t]he court . . . did not modify the *Reich* injunction and its [order denying summary judgment] did not have the practical effect of modifying the injunction."  *Garcia v. Tyson Foods, Inc.*, No. 06-2198-JWL, slip op. at 3 (D. Kan. May 2, 2007).  But the district court never reached Tyson's second premise, i.e., that the court's order changed the law regarding what activities are compensable under the FLSA in the district.  Instead, the court determined that the *Reich* Injunction only compelled compliance with the FLSA in regard to the activities that the *Reich* court found to be compensable.  The court held that

> [n]one of the provisions of the injunction addresses the donning and doffing of standard clothing or any other activity that the *Reich* court concluded was non-compensable.  In fact, the injunction speaks only to those activities found by the *Reich* court to be compensable and the injunction directs defendants to take certain actions with respect to only those activities.

*Id*.

Nevertheless, the district court's determination that the *Reich* Injunction would not compel compensation for the activities found non-compensable in *Reich I* and *Reich II* is not binding on this court.  Therefore, we will accept, purely for the sake of argument, Tyson's contention that the *Reich* Injunction is

-24-

properly interpreted as a general order to properly pay overtime under the FLSA, however that statute might be later interpreted.

B.

As to Tyson's second premise, i.e., that the order denying summary judgment had the practical effect of modifying the *Reich* Injunction, we have held that "courts of appeals insist on looking beyond the captions and vocabulary attached to district court orders to determine the actual, practical effect of an order before exercising appellate jurisdiction under § 1292(a)(1)." *Pimentel*, 477 F.3d at 1153. Thus, "[w]hether an order . . . modifies an injunction is determined by its actual, practical effect." *Id*. at 1154. When a district court's order does not expressly or technically modify an injunction, but has the practical effect of modifying an injunction, this court has jurisdiction where an appellant will suffer "a serious, perhaps irreparable, consequence" that "can be effectively challenged only by immediate appeal." *Hutchinson v. Pfeil*, 105 F.3d 566, 569 (10th Cir. 1997) (quotation omitted). Citing to these propositions, Tyson argues that the district court's order "fundamentally changed" the state of FLSA law. Aplt. Br. in Support of Jurisdiction at 8.

But Tyson does not explain how a district court order denying summary judgment could accomplish this feat. First, we note that the argument presented by plaintiffs-appellees to the district court in the present case was based on the Supreme Court's decision in *Alvarez*. Thus, since the time *Alvarez* was handed

-25-

down, the *Reich* Injunction has likewise been susceptible to the argument put forth in this case, i.e., that *Alvarez* undermined this court's analysis in *Reich II*. Consequently, in arguing that the order denying summary judgment changed the law from its previous state, Tyson must be contending that this order would in some way bind the Kansas district court in later contempt proceedings regarding the *Reich* Injunction. We do not see any reason the district court would be so bound, and Tyson has not provided any.

First, "it is clear that there is no such thing as 'the law of the district.'" *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991). "[D]istrict court decisions cannot be treated as authoritative on issues of law. The reasoning of district judges is of course entitled to respect, but the decision of a district judge cannot be a controlling precedent." *Bank of Am., N.A. v. Moglia*, 330 F.3d 942, 949 (7th Cir. 2003) (quotation omitted).

Nor would claim or issue preclusion apply in this case as both require the issuance of a final judgment. *See MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) ("Under Tenth Circuit law, claim preclusion applies when [certain] elements exist [including] a final judgment on the merits in an earlier action."); *Arizona v. California*, 530 U.S. 392, 414 (2000) ("[I]ssue preclusion attaches only '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the

judgment.'" (*quoting* Restatement (Second) of Judgments § 27, p. 250 (1982) (second alteration in original)).

Although the district court's order denying summary judgment might have sent a signal that a plausible argument could be made that *Alvarez* undermined *Reich II* to some extent, this is not a modification of the *Reich* Injunction. It is merely notice that one district court judge, in an interlocutory order, found *not* that time spent donning and doffing the Standard Gear and protective overgarments *was* compensable after *Alvarez*, but simply that *it might be* and that this court's analysis would have to be different. This is not sufficient grounds for jurisdiction under § 1292(a)(1).

> Section 1292(a) was intended to carve out only a limited exception to the final-judgment rule of 28 U.S.C. § 1291 and the long-established policy against piecemeal appeals. Consequently, the Supreme Court has cautioned that the statute should be narrowly construed to ensure that appeal as of right under § 1292(a)(1) will be available only in limited circumstances.

*Pimentel*, 477 F.3d at 1153 (citations, quotations, and brackets omitted). A possible modification in the legal community's speculative expectation regarding how a certain district court might read *Alvarez*' effect on *Reich II* is not reason enough for this court to exercise jurisdiction. In the end, *if* the interpretation of FLSA has changed since the *Reich* Injunction was entered, and *if* that change therefore had the practical effect of modifying the

*Reich* Injunction, that change was wrought by *Alvarez* and not by the district court's order at issue here.

III.

The appeal is DISMISSED.