**F I L E D**

**PUBLISH**

**February 16, 2007**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PIMENTEL & SONS GUITAR
MAKERS, INC., a New Mexico
Corporation,

      Plaintiff - Appellee,

  v.

HECTOR PIMENTEL, individually,
DANETTE I.L. HINKLE PIMENTEL,
individually; DANETTE I.
LOVATO-PIMENTEL MUSIC
ENTERPRISES, INC., a New Mexico
corporation;

      Defendants - Appellants.

No. 05-2336

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(District Court No. CIV-04-360 JB/RLP)**

---

Submitted on the briefs:[*]

Kevin Lynn Wildenstein, SW Intellectual Property Services, LLC, Albuquerque, New
Mexico, and Jerry A. Walz and Andrew Knight, Walz & Associates, Cedar Crest, New
Mexico, for Defendants-Appellants.

---

    [*]After examining the briefs and the appellate record, this three-judge panel has
determined unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument.

Dennis F. Armijo, Esq., Dennis F. Armijo, P.C., Albuquerque, New Mexico, and Judd C. West, Esq., Doughty & West, PA, Albuquerque, New Mexico, for Plaintiff-Appellee.

Before **TACHA**, Chief Circuit Judge, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

**TACHA**, Chief Circuit Judge.

The Defendants-Appellants seek to appeal an interlocutory order of the District Court granting a request for an injunction. We dismiss for lack of jurisdiction.

## I. BACKGROUND

Pimentel & Sons Guitar Makers, Inc. ("Guitar Makers") is a family business that produces and sells handcrafted instruments. Lorenzo Pimentel and his two sons, Roberto and Ricardo Pimentel, operate the business. Guitar Makers has owned the federally registered trademark "PIMENTEL" since 1963. Hector Pimentel, also the son of Lorenzo Pimentel, is a professional guitarist and guitar instructor. In 1987, Hector began to manufacture, sell, and repair guitars.

In 1988, Lorenzo Pimentel & Sons Limited Partnership (Guitar Makers' predecessor) filed a complaint against Hector for use of the business name, trade name, and trademark "PIMENTEL" (the "1988 litigation"). The parties to that litigation entered into a settlement resulting in an injunctive order and judgment from the Federal District Court for the District of New Mexico on September 26, 1989 (the "1989 injunction"). Among other things, the order required Hector to use a disclaimer in

-2-

conjunction with his use of the name "Pimentel" in certain situations. The injunction is still in place today.

In 1994, Danette Pimentel[1] began working with Hector to promote and sell his goods and entertainment services. Danette registered the corporation "Danette I. Lovato-Pimentel Music Enterprises, Inc." with the State of New Mexico. Danette conducts business on behalf of Hector, who contracts with her as a "musician and artist." Danette and her corporation used the name Pimentel in several ways to promote Hector.

In April 2004, Guitar Makers filed suit against Hector, Danette, and Danette I. Lovato-Pimentel Music Enterprises, Inc. for alleged violations of the 1989 injunction, the federal Lanham Act, and the New Mexico Unfair Practices Act. Guitar Makers filed a motion for a preliminary injunction requesting that the District Court enjoin the alleged violations. The District Court issued a preliminary injunction based solely on the 1989 injunction, finding that the injunction required Hector to use a disclaimer whenever he used the word "Pimentel" in a business name and that Hector had used the name several times in the preceding years without doing so. The District Court also enjoined Danette and Danette I. Lovato-Pimentel Music Enterprises, Inc. from further violations of the 1989 injunction after finding that they promoted Hector's goods and services under trade names containing the word "Pimentel" without using the disclaimer. The Defendants appealed. Subsequently, Hector and Guitar Makers entered into a settlement agreement,

---

[1]Danette and Hector married in 1995 and divorced in 2003.

and the District Court entered an order dismissing the suit against Hector with prejudice. Neither Danette nor her company has settled with Guitar Makers, but the District Court has dismissed all but the Lanham Act claim against them.

## II. DISCUSSION

As a general rule, only final decisions of the district court are appealable. 28 U.S.C. § 1291. Section 1292(a)(1) sets forth an exception to the general rule for interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). We have noted that "an interlocutory order expressly granting or denying injunctive relief fits squarely within the plain language of section 1292(a)(1)." *Tri-State Generation & Transmission Assoc. v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1351 (10th Cir. 1989); *see also MAI Basic Four, Inc. v. Basis, Inc.*, 962 F.2d 978, 981 (10th Cir. 1992) ("[B]y the plain terms of § 1292(a)(1), interlocutory orders granting 'injunctions' are appealable."). Here, the District Court's decision explicitly "granting" Guitar Makers' motion for a preliminary injunction would seem to give us jurisdiction over this interlocutory appeal under the plain language of § 1292(a)(1). Such a superficial analysis of this Court's appellate jurisdiction, however, is insufficient. The purpose of § 1292(a)(1) counsels a closer look at the District Court's action and ultimately leads us to conclude that we do not have jurisdiction over this appeal.

Section 1292(a) was intended to carve out only a limited exception to the final-judgment rule of 28 U.S.C. § 1291 and the "long-established policy against piecemeal

appeals." *Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478, 480 (1978). Consequently, the Supreme Court has cautioned that the statute should be narrowly construed to "ensure that appeal as of right under § 1292(a)(1) will be available only in [limited] circumstances." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981); *see also Kershner v. Mazurkiewicz*, 670 F.2d 440, 447 (3rd Cir. 1982) ("Because § 1292(a)(1) is an exception to an otherwise fundamental rule of federal appellate jurisdiction, we must construe the scope of the provision with great care and circumspection.").

Due to this narrow construction mandate, courts of appeals insist on looking beyond the captions and vocabulary attached to district court orders to determine the actual, practical effect of an order before exercising appellate jurisdiction under § 1292(a)(1). *See, e.g.*, *Birmingham Fire Fighters Ass'n 117 v. Jefferson County*, 280 F.3d 1289, 1292–93 (11th Cir. 2002); *United States Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 207 (3d Cir. 1999); *Mikel v. Gourley*, 951 F.2d 166, 169 (8th Cir. 1991); *Motorola, Inc. v. Computer Displays Int'l, Inc.*, 739 F.2d 1149, 1155 (7th Cir. 1984); *Major v. Orthopedic Equip. Co.*, 561 F.2d 1112, 1115 (4th Cir. 1977). The cases cited address district court orders purporting to "modify" a prior injunction or order. In resolving their appellate jurisdiction, the circuit courts have looked behind the terminology used by the parties and the district court to prevent litigants from "circumvent[ing] by the filing of repetitive motions the time limitation for taking appeals." *Buckhanon v. Percy*, 708 F.2d 1209, 1212 (7th Cir. 1983); *see also Birmingham Fire Fighters Ass'n*, 280 F.3d at 1293 (noting that Congress did not intend

-5-

§ 1292(a)(1) to open the floodgates to litigation of injunctions). Although none of these cases dealt with a district court expressly "granting" a new injunction, the courts' reasoning is no less applicable to such a situation.

In short, in deciding whether a district court order "granting" an injunction is appealable under § 1292(a)(1), we consider the substance rather than the form of the motion and caption of the order. *See Sierra Club v. Marsh*, 907 F.2d 210, 213 (1st Cir. 1990) (the court looks "not to the form of the district court's order but to its actual effect"). In so holding, we join the Seventh Circuit's well-reasoned approach in *Gautreaux v. Chicago Housing Authority*, 178 F.3d 951 (7th Cir. 1999). In that case, a party sought to compel compliance with an existing injunction, and in response, the district court "enjoined" the respondent from taking certain action. *Id.* at 954. The Seventh Circuit held that when a district court's order, explicitly labeled an "injunction," does "nothing more than reassert the court's prior orders," it is not a "fresh injunction." *Id.* at 958. Relying on its own precedent, the court held that unless a district court order addressing an existing injunction "substantially and obviously alters the parties' pre-existing legal relationship," as set forth in the existing injunction, the order is an unappealable interpretation or clarification of the prior order. *Id.*

Because the District Court's order here was based solely on its interpretation of the 1989 permanent injunction, the proper question is whether the court's order actually modified the existing injunction or instead, as in *Gautreaux*, merely clarified or interpreted the prior injunction. Appellate courts do not have jurisdiction to review a

-6-

district court order that merely interprets or clarifies, without modifying, an existing injunction. *See, e.g.*, *Motorola, Inc.*, 739 F.2d at 1155; *Major*, 561 F.2d at 1115.

Danette argues that the District Court modified the 1989 injunction because (1) it grossly misinterpreted the injunction and (2) it extended its application to Danette and her corporation, even though they were not parties to the 1988 litigation and were not named in the 1989 injunction. We reject both arguments.

Whether an order interprets or modifies an injunction is determined by its actual, practical effect. *See Carson*, 450 U.S. at 83; *Motorola*, 739 F.2d at 1155. An interpretation or clarification does not alter the status of the parties, "but merely restates that relationship in new terms," *Motorola*, 739 F.2d at 1155, while a modification either "alters the legal relationship between the parties or substantially changes the terms and force of the injunction," *Mikel*, 951 F.2d at 168–69 (internal quotation marks, citation, and alteration omitted). To change the legal relationship of the parties, the order must "change the command of the earlier injunction, relax its prohibitions, or release any respondent from its grip." *Birmingham Fire Fighters Ass'n*, 280 F.3d at 1293 (quotation omitted). Although gross or blatant misinterpretations of the earlier injunction can substantially alter the legal relationship of the parties, *id.,* the practical effect of the District Court's order in this case was nothing more than an interpretation of the existing 1989 injunction against Hector and an explanation of its application to Danette within the parameters of Rule 65 of the Federal Rules of Civil Procedure.

The District Court rejected Danette's argument that Hector only has to use the

-7-

disclaimer when "Pimentel" is used in conjunction with his guitar-making business. Instead, the court concluded that the 1989 injunction requires Hector to use the disclaimer every time he uses the name "Pimentel" in a business name. This conclusion is a straightforward interpretation of the injunction's plain language. As such, it does not create appellate jurisdiction by modifying the underlying injunction. Danette's contention that the District Court disregarded the parties' original intent behind the 1989 injunction and therefore misinterpreted the plain language of the injunction is beyond the scope of this interlocutory appeal. As the Eleventh Circuit has explained, "[i]n attempting to discern interpretation from modification, . . . we should not analyze the injunction and the order in detail. To plunge into the details would collapse the jurisdictional inquiry into a decision on the merits, thwarting the purpose of § 1292(a)(1)." *Birmingham Fire Fighters Ass'n*, 280 F.3d at 1293. Reviewing the language of the injunction in light of the context in which it was drafted might reveal "subtle rather than blatant misinterpretations," but that "is too searching for a preliminary jurisdictional inquiry." *Gautreaux*, 178 F.3d at 957–58. Consistent with the purposes of § 1292(a)(1), we ask only whether the District Court's conclusion is a gross or blatant misinterpretation of the original injunction. *See id.*; *Gautreaux*, 178 F.3d at 956–57. It is not.

Nor is the court's application of the 1989 injunction to Danette a modification of that injunction. Under Fed. R. Civ. P. 65, every order granting an injunction is binding upon "the parties to the action, their officers, agents, servants, employees, and attorneys,

-8-

and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d); *see also Int'l Bhd. of Teamsters, Local 523 v. Keystone Freight Lines, Inc.*, 123 F.2d 326, 329 (10th Cir. 1941) (persons who are "not technically agents or employees may be specifically enjoined from knowingly aiding a defendant in performing a prohibited act if their relation is that of associate or confederate." (quotation omitted)). Danette serves as an agent for Hector, who has contracted with her as a musician and artist. The District Court order explains that Danette is prohibited "from including the word 'Pimentel' in her name, *when promoting or in conjunction with Hector Pimentel's business interests*, without printing a disclaimer of association." District Court Memorandum Opinion and Order at 23 (emphasis added). The District Court explicitly exempted Danette from the preliminary injunction when she is "doing work in her own name and not in promotion of or on behalf of Hector Pimentel." *Id.* Thus, the District Court did not change the legal relationship between the parties or impose new obligations on Danette, but instead clarified that under the existing 1989 injunction and Rule 65, she is prohibited from aiding Hector in violating the 1989 injunction. In other words, Danette is bound only in her capacity as Hector's agent and only to the extent of the original 1989 injunction.

The District Court did not therefore issue an "injunction" at all, but simply interpreted or clarified the existing injunction. As a result, this action is not appealable under § 1292(a)(1).

## III. CONCLUSION

For the foregoing reasons, we DISMISS the appeal for lack of jurisdiction. We also DENY Guitar Makers' motion for costs and attorneys' fees associated with this appeal. Both motions filed by counsel Jerry Walz and Henry Narvaez, to withdraw as counsel and to substitute as counsel, are granted.