**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

FEDERAL TRADE COMMISSION;
UTAH DIVISION OF CONSUMER
PROTECTION,

     Plaintiffs,

v.

ZURIXX; CARLSON DEVELOPMENT
GROUP UTAH; CJ SEMINAR
HOLDINGS; ZURIXX FINANCIAL
UTAH; CHRISTOPHER A. CANNON;
JAMES M. CARLSON; JEFFREY D.
SPANGLER; BRAND MANAGEMENT
HOLDINGS; CAC INVESTMENT
VENTURES; CARLSON
DEVELOPMENT GROUP PUERTO
RICO; DORADO MARKETING AND
MANAGEMENT; JSS INVESTMENT
VENTURES; JSS TRUST; ZURIXX
FINANCIAL PUERTO RICO; GERALD
D. SPANGLER,

     Defendants.

------------------------------

DAVID K. BROADBENT,

     Receiver - Appellee,

v.

DAVID EFRON; EFRON DORADO SE,

     Interested Parties - Appellants.

No. 21-4141
(D.C. No. 2:19-CV-00713-DAK-DAO)
(D. Utah)

_____

## ORDER AND JUDGMENT[*]

_____

Before **TYMKOVICH**, Chief Judge, **MORITZ** and **EID**, Circuit Judges.

_____

David Efron and Efron Dorado, SE (collectively, Efron), appeal for the second time from a civil contempt order entered against them by the district court. For reasons we recently explained in Efron's previous appeal, *see FTC v. Zurixx (Zurixx I)*, 26 F.4th 1172, 1177-78 (10th Cir. 2022), we dismiss this appeal for lack of jurisdiction because the challenged contempt order is not a final decision.

I

This appeal stems from a consumer protection suit initiated in the district court by the Federal Trade Commission and the Utah Division of Consumer Protection against Zurixx, LLC and related entities. During those proceedings, the district court entered a preliminary injunction freezing Zurixx's assets wherever located and directing that any person or business in possession of such assets preserve them for a court-appointed receiver. The injunction directed the receiver to "[t]ake exclusive custody, control, and possession of all [a]ssets and [d]ocuments of, or in the possession, custody, or under

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

control of, any [Zurixx] Entity, wherever situated." Aplee. App., vol. 1 at 188; *see also* 28 U.S.C. § 754 ("A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall . . . be vested with complete jurisdiction and control of all such property with the right to take possession thereof."). Absent leave of court, the injunction prohibited "[p]ersons seeking to establish or enforce any claim, right, or interest against . . . [Zurixx] . . . from taking action that would interfere with the exclusive jurisdiction of [the] Court over the [a]ssets or [d]ocuments of [the Zurixx] Entities, including" by "[c]ommencing . . . a judicial . . . action or proceeding against the [Zurixx] Entities" or engaging in "acts of self-help." Aplee. App., vol. 1 at 195-96.

The receiver filed a copy of the consumer-protection complaint and the injunction in federal court in Puerto Rico, where Zurixx leased office space from Efron. The office contained Zurixx's computers, furniture, and other assets. The receiver notified Efron of the receivership and gave him actual notice of the injunction. Efron initially permitted the receiver to recover some assets, but he later denied the receiver access to the office and instituted eviction proceedings in a Puerto Rico court.

Given these events, the receiver moved the district court in Utah to hold Efron in contempt for violating the injunction. The district court granted the motion and found Efron in contempt, but it gave him an opportunity to purge the contempt, either by allowing the receiver to recover the assets or by compensating the receiver for the value of the assets. Efron appealed, and in *Zurixx I*, we dismissed for lack of jurisdiction, explaining that a nonparty contemnor like Efron may take an immediate appeal from a

final decision holding him in contempt, but to qualify as a final decision under 28 U.S.C.

§ 1291, the district court must both make a finding of contempt and impose a specific,

unavoidable sanction. 26 F.4th at 1177-78. Because the district court imposed no

sanction and allowed Efron to purge the contempt, we dismissed for lack of a final

decision. *See id.* at 1178.

Meanwhile, Efron continued to deny the receiver access to the assets.

Consequently, the receiver moved for a second order of contempt, arguing that Efron

continued to defy the injunction and obstruct his efforts to recover the assets. Efron

responded that the assets had since been turned over to the receiver, who acknowledged

as much but pointed out that he recovered the assets only after incurring considerable

delay and expense. The receiver also argued that Efron repeatedly violated the

injunction, not only by wrongfully retaining the assets and filing the eviction proceeding,

but also by filing an intervenor complaint in the federal court in Puerto Rico.

The district court agreed with the receiver and issued a second contempt order,

stating:

> The court finds Efron and Efron Dorado in contempt of court for
> their continued defiance of the Preliminary Injunction and this court's prior
> Contempt Order. The court awards the Receiver reasonable attorney's fees
> and costs incurred in this contempt litigation and the unnecessary cases in
> Puerto Rico, including the Receiver's fees. The Receiver may file
> documents demonstrating those fees and costs within thirty days of the date
> of this Order.

Aplt. App., vol. 1 at 202. Before the receiver filed a statement of fees and costs,

Efron filed his notice of appeal, designating the second contempt order. Additional

proceedings ensued, although they are not the subject of this appeal. Indeed, the

4

receiver subsequently filed a statement of fees and costs, which a magistrate judge granted. The district court eventually entered judgment on the fee award, and Efron filed yet another notice of appeal, which was docketed as Appeal No. 22-4042. Efron also contemporaneously filed in this court a motion to stay execution of the judgment on the fee award pending the outcome of this appeal. That stay motion is pending before us.

II

Under 28 U.S.C. § 1291, our jurisdiction generally extends only to "final decisions" of the district court. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001).[1] In *Zurixx I*, we recognized that nonparties need not await entry of final judgment in the underlying action to appeal a civil contempt order, but we explained that the contempt order must still qualify as a final decision. *See* 26 F.4th at 1177. To constitute a final decision, a contempt order must include both (1) a finding of contempt and (2) a specific, unavoidable sanction. *Id.* at 1177-78. "Without imposition of a specific, unavoidable sanction, [a] contempt order [is] not a final, appealable decision under § 1291, and we lack jurisdiction to consider it." *Id.* at 1178.

Efron, as a nonparty, was entitled to take an immediate appeal from the second contempt order. But that order was not a final decision. The second contempt order found Efron in contempt and it awarded the receiver reasonable attorney's fees and costs

---

[1] Efron summarily reasserts a number of alternative jurisdictional theories that we rejected in *Zurixx I*. *See* 26 F.4th at 1176-77. We decline to repeat that analysis here.

incurred in the contempt proceedings and the two Puerto Rico cases.  Yet the contempt order did not indicate what the specific sanction would be.  Rather, the district court merely directed the receiver to file a statement of fees and costs within thirty days, after which it would be required to issue another order to specify the amount of the sanction.  Efron nevertheless filed his notice of appeal, even though several more procedural steps remained before the district court imposed a specific sanction.  Thus, because the second contempt order did not impose a specific, unavoidable sanction, it was not a final decision.  *See id.*; *see also* 15B Charles Alan Wright et al., Federal Practice & Procedure § 3917 (2d ed. June 2022 Update) ("A determination that contempt has occurred is not final if the question of sanctions is postponed. . . .  Finality . . . requires determination of both liability and sanction . . . ."); *accord Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 924 (10th Cir. 2005) ("An award of attorneys' fees is not final and appealable within the meaning of 28 U.S.C. § 1291 until it is reduced to a sum certain.").  Accordingly, we dismiss this appeal for lack of jurisdiction.  And given the dismissal, we deny Efron's stay motion without prejudice to him refiling it in Appeal No. 22-4042.

III

This appeal is dismissed.  Efron's motion for stay is denied without prejudice to him refiling it in Appeal No. 22-4042.

Entered for the Court

Allison H. Eid
Circuit Judge