NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GROUP ONE LTD.,**
*Plaintiff-Appellant*

**v.**

**GTE GMBH, RALF WEIGEL,**
*Defendants*

**UNITED STATES TENNIS ASSOCIATION, INCORPORATED,**
*Respondent-Appellee*

---

2022-1602

---

Appeal from the United States District Court for the Eastern District of New York in No. 1:20-cv-02205-MKB-JRC, Chief Judge Margo K. Brodie.

---

Before DYK, REYNA, and TARANTO, *Circuit Judges*.

REYNA, *Circuit Judge*.

## O R D E R

Group One Ltd. seeks to appeal from the district court's order denying its request to enforce a temporary restraining order and hold a non-party, the United States Tennis Association, Incorporated, in civil contempt. Having

received Group One's response to this court's July 6, 2022 show cause order, we now dismiss this appeal.

Generally, this court has jurisdiction over only "final decision[s]" of the district courts. 28 U.S.C. § 1295(a)(1). The Supreme Court "long has stated that as a general rule a district court's decision is appealable under [§ 1295(a)(1)] only when the decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). A denial of a motion for contempt while the case is still ongoing generally fails to end the litigation on the merits and is not immediately appealable. *Cf. Doyle v. London Guar. & Accident Co.*, 204 U.S. 599, 603 (1907) (noting that a prejudgment civil contempt order involving a party generally is not immediately appealable).

Group One cites no contrary authority that allows a *party* to appeal (pre-judgment) from *denial* of civil contempt. It cites only decisions authorizing a *non-party* to appeal (pre-judgment) from *imposition* of civil contempt. The rationale for allowing non-parties to appeal in such circumstances is that a non-party contemnor "has no right to appeal from the entry of final judgment," *FTC v. Zurixx*, 26 F.4th 1172, 1177 (10th Cir. 2022) (citing *Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 329–30 (1904)), and "for the non-party, the adjudication in contempt usually *is* the 'final decision,'" *Clev. Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 167 (7th Cir. 1997). Group One has failed to show how that underlying rationale would justify a pre-judgment appeal from a party that may seek appellate review of the district court's order after final judgment in the case.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

GROUP ONE LTD. v. GTE GMBH                                            3

      (2)  Each side shall bear its own costs.

FOR THE COURT

September 26, 2022                    /s/ Peter R. Marksteiner
          Date                          Peter R. Marksteiner
                                    Clerk of Court