**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 25, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re: Contempt Proceedings Against
DANIEL E. CARPENTER, et al.

------------------------------

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL E. CARPENTER,

    Defendant - Appellant,

and

JONATHAN BOOTHROYD; SDM
HOLDINGS, LLC,

    Defendants.

No. 24-6138
(D.C. No. 5:24-MC-00005-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Daniel Carpenter seeks to appeal the district court's order denying his motion to dismiss criminal contempt proceedings. We lack jurisdiction over this nonfinal order, and neither the collateral-order doctrine nor 28 U.S.C. § 1292(a) apply to create interlocutory jurisdiction. We therefore dismiss the appeal.

## Background

Back in 2008, "Carpenter stole $30 million worth of life[-]insurance proceeds that were meant for Universitas" Education, LLC.[1] *Universitas Edu., LLC v. Avon Cap., LLC* (*Universitas II*), 124 F.4th 1231, 1250 (10th Cir. 2024), *petition for cert. filed* May 1, 2025 (No. 24-1126). Universitas obtained a judgment in its favor in 2012 and has been trying to enforce it against Carpenter and his various corporate entities since then. *Id.* at 1238 n.2, 1250; *see also, e.g.*, *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590, 2012 WL 2045942 (S.D.N.Y. June 5, 2012) (unpublished); *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590, 2014 WL 3883371 (S.D.N.Y. Aug. 7, 2014) (unpublished). Avon Capital, LLC is one such corporate entity; it has several corporate affiliates, at least one of which, SDM Holdings, LLC, is in Oklahoma. *Universitas II*, 124 F.4th at 1238.

In 2014, Universitas registered its judgment in Oklahoma and "sought to garnish a $6.7 million insurance portfolio held by SDM." *Id.* In 2021, the district

---

[1] Carpenter's underlying "scheme to defraud life[-]insurance companies" led to his conviction on over 50 counts of conspiracy; mail and wire fraud; money laundering; and other illegal monetary transactions. *United States v. Carpenter*, 190 F. Supp. 3d 260, 263, 265–66, 301 (D. Conn. 2016), *aff'd sub nom. United States v. Bursey*, 801 F. App'x 1 (2d Cir. 2020).

court concluded at summary judgment that Universitas was entitled to the funds, authorized a receivership over SDM, and issued an injunction prohibiting Avon from transferring any of SDM's assets. *Id.* at 1238–39, 1243.

Avon and SDM appealed, and we concluded that the district court lacked jurisdiction at the time it entered final judgment because the judgment Universitas registered had expired under applicable Oklahoma law. *Universitas Educ., LLC v. Avon Cap., LLC* (*Universitas I*), Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 WL 5005654, at *5 (10th Cir. Aug. 4, 2023) (unpublished). Despite that holding, we did not vacate the underlying rulings; we merely remanded for further proceedings. *Id.*; *see also Universitas II*, 124 F.4th at 1244–45 (explaining that "[n]o rule in law or procedure requires that upon a finding of mootness, an appellate court must remand with instructions to dismiss" and holding that the instruction in *Universitas I* "did not mandate dismissal"). On remand, the district court accepted Universitas's refiling of the judgment and reentered its prior orders.

Avon and SDM then appealed a second time. While that appeal was pending, the receiver notified the district court that Carpenter was trying to interfere with the SDM assets at issue. In March 2024, the district court modified the scope of the injunction, at Universitas's request, to cover Carpenter and anyone acting under his direction.

Despite modification of the injunction, Universitas alleged that Carpenter continued interfering with SDM's assets. So in June 2024, Universitas filed a motion seeking to hold him in contempt. The district court granted Universitas's motion and

3

issued an order directing Carpenter to appear and show cause why he should not be held in contempt. But that order was not timely served, so the district court entered a second show-cause order continuing the hearing, ordering personal service, and setting a criminal contempt trial.

About a week after the second show-cause order was entered, Carpenter filed a pro se motion to dismiss the contempt proceedings. He argued that the district court lacked jurisdiction under several theories and urged it to dissolve the injunction and wind up the receivership. He also asserted that venue was improper and that any contempt proceedings should be transferred to Connecticut. The district court denied Carpenter's motion, reasoning that it had already rejected his jurisdictional arguments in other orders and that venue was proper.

Carpenter (now represented by counsel) filed the present appeal on July 15, 2024, seeking to appeal the district court's denial of his motion to dismiss the criminal contempt proceedings.[2] The clerk's office issued a jurisdictional show-cause order, the parties filed initial jurisdictional briefs, and the clerk's office referred the

---

[2] This appeal, No. 24-6138, was initially procedurally consolidated with appeal No. 24-6208. Appeal No. 24-6208 was filed by Jonathan Boothroyd and a Connecticut company also named SDM Holdings, LLC—parties who allegedly worked with Carpenter to interfere with the assets at issue, were named in the district court's March 2024 injunction, and were likewise ordered to show cause in the contempt proceeding. Boothroyd and Connecticut SDM sought to appeal the denial of their motion to dismiss the contempt proceeding, a motion that raised the same issues as Carpenter's motion to dismiss and that the district court also denied. But we granted Boothroyd and Connecticut SDM's motion to voluntarily dismiss their appeal in February 2025, after they reached an agreement with the prosecutor that resulted in the dismissal of the contempt charges against them. *In re Carpenter*, No. 24-6208 (10th Cir. Feb. 18, 2025).

jurisdictional matters to the merits panel. *See Hill v. Vanderbilt Cap. Advisors, LLC*, 702 F.3d 1220, 1223 (10th Cir. 2012) ("[W]e have an independent duty to examine our own jurisdiction." (quoting *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001))).

While merits briefing proceeded, we issued our December 2024 decision in *Universitas II*, affirming the underlying district-court orders, including the March 2024 injunction underlying Carpenter's contempt proceedings. *See* 124 F.4th at 1241–43, 1250. We also dismissed two other interlocutory appeals that Carpenter lodged from the same contempt proceedings. *See United States v. Carpenter*, No. 25-6030 (10th Cir. June 10, 2025) (dismissing pro se appeal from denial of speedy-trial motion to dismiss); *United States v. Carpenter*, No. 25-6064 (10th Cir. June 10, 2025) (same).

In February 2025, Carpenter pleaded guilty to criminal contempt in the district court, in a plea agreement containing an appeal waiver. Plea Agreement, *In re Carpenter*, No. 24-mc-00005 (W.D. Okla. Feb. 12, 2025), Dkt. No. 95. His sentencing is currently scheduled for November 7, 2025. Order, *In re Carpenter*, No. 24-mc-00005 (W.D. Okla. July 10, 2025), Dkt. No. 166.

## Analysis

"We review questions of our appellate jurisdiction de novo," and the appellant bears the burden of establishing appellate jurisdiction. *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1091 (10th Cir. 2017); *see also United States v. Solco I, LLC*, 962 F.3d 1244, 1249 (10th Cir. 2020). "Appellate jurisdiction generally is

limited to 'final decisions of the district courts'"—decisions that leave nothing for the court to do but execute the judgment. *Solco I*, 962 F.3d at 1249 (quoting 28 U.S.C. § 1291). In the criminal context, this rule usually "prohibits appellate review until after conviction and imposition of sentence." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). Here, although Carpenter has entered a guilty plea, he has not yet been sentenced, so the proceedings are not final and jurisdiction does not exist under § 1291: "denial of a motion to dismiss, even when the motion is based upon jurisdictional grounds, is not immediately reviewable." *Catlin v. United States*, 324 U.S. 229, 236 (1945).

To avoid this conclusion, Carpenter first invokes the collateral-order doctrine, which "allows for immediate appeal of some non[]final orders under § 1291." *Mohamed v. Jones*, 100 F.4th 1214, 1218 (10th Cir. 2024) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). Courts interpret the collateral-order doctrine narrowly in all circumstances, but especially so in criminal cases. *See Midland Asphalt*, 489 U.S. at 799 (noting that the collateral-order doctrine should be interpreted with "utmost strictness" in criminal matters (quoting *Flanagan v. United States*, 465 U.S. 259, 265 (1984))). The doctrine applies only if three conditions are satisfied: (1) the order is "conclusive," (2) the order "resolve[s] important questions separate from the merits," and (3) the order will "be 'effectively unreviewable on appeal from final judgment.'" *Mohamed*, 100 F.4th at 1218 (cleaned up) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009)).

6

Resolving the applicability of the collateral-order doctrine in this instance requires looking only at the unreviewability condition: "whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order," *id.* (cleaned up) (quoting *Mohawk*, 558 U.S. at 107). In criminal cases, unreviewability typically takes the form of "a 'right not to be tried,' resting upon 'an explicit statutory or constitutional guarantee that trial will not occur.'" *United States v. Tucker*, 745 F.3d 1054, 1063 (10th Cir. 2014) (cleaned up) (first quoting *United States v. Quaintance*, 523 F.3d 1144, 1146 (10th Cir. 2008), and then quoting *Midland Asphalt*, 489 U.S. at 801). "This requirement is rarely satisfied because there is a 'crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges.'" *Id.* (quoting *Midland Asphalt*, 489 U.S. at 801). For example, courts have traditionally permitted interlocutory criminal appeals under the collateral-order doctrine only for orders denying motions to reduce bail or orders denying motions to dismiss premised on either the Double Jeopardy Clause or the Speech or Debate Clause. *See id.* at 1064.

Carpenter asserts a right not to be tried based on our holding in *Universitas I* that the district court lacked jurisdiction because Universitas's underlying foreign judgment had expired. 2023 WL 5005654, at *5. But in *Universitas II*, we held that the district court reacquired jurisdiction when Universitas refiled its judgment, and we affirmed all the district court's orders, including the March 2024 injunction that Carpenter allegedly violated. *See* 124 F.4th at 1231, 1238, 1241–47. Further, our holding that the district court lacked subject-matter jurisdiction did not establish "an

7

explicit statutory or constitutional guarantee that trial will not occur." *Tucker*, 745 F.3d at 1063 (quoting *Midland Asphalt*, 489 U.S. at 801). Nor is that holding at all analogous to the rights established under the Double Jeopardy or Speech or Debate Clauses. *Cf. id.* at 1064. Because Carpenter cannot establish that the order denying his motion to dismiss would be effectively unreviewable after final judgment, jurisdiction does not exist under the collateral-order doctrine.

Next, Carpenter seeks to establish jurisdiction under 28 U.S.C. § 1292(a), which provides courts of appeals with jurisdiction over "[i]nterlocutory orders of the district courts of the United States . . . refusing to dissolve or modify injunctions" and "refusing orders to wind up receiverships." Like the collateral-order doctrine, the Supreme Court has instructed that § 1292(a) "should be narrowly construed." *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 477 F.3d 1151, 1153 (10th Cir. 2007). Thus, we typically "insist on looking beyond the captions and vocabulary attached to district[-]court orders to determine the actual, practical effect of an order before exercising appellate jurisdiction" under this statutory exception. *Id.* In so doing, we "consider the substance rather than the form of the motion and caption of the order." *Id.* at 1153–54.

Here, there is no argument to be made that the substance of the district court's order denying Carpenter's motion to dismiss had any "actual, practical effect" on the injunction or receivership. *Id.* To be sure, the order necessarily rejected Carpenter's arguments in favor of dissolving the injunction and winding up the receivership. But in so doing, the order did not, in practice or in substance, refuse to dissolve the

8

injunction or wind up the receivership—it simply refused to dismiss the contempt proceedings. We are not bound to accept Carpenter's attempt to characterize the district court's order differently because we look "behind the terminology used by the parties." *FTC v. Zurixx*, 26 F.4th 1172, 1176 (10th Cir. 2022) (quoting *Pimentel*, 477 F.3d at 1153).

For instance, in *Zurixx*, the appellant sought to appeal a nonfinal contempt order, and we held that despite the appellant's arguments to the contrary, "the contempt order [wa]s not an injunctive order as contemplated by § 1292(a)(1)." *Id.* Instead, "the substance of th[e] order was to hold [the appellant] in contempt for violating the court's preliminary injunction." *Id.* The same is true here: the district court's denial of Carpenter's motion to dismiss "did not grant, deny, or modify an injunction as required by § 1292"; nor did it refuse to wind up the receivership. *Id.*; *see also Carpenter*, No. 25-6030, slip op. 3 ("The contempt proceeding from which . . . Carpenter seeks to appeal did not 'alter the status of the parties or change the terms and force of the injunction' because that proceeding related only to . . . Carpenter's alleged violation of an existing injunction." (quoting *Zurixx*, 26 F.4th at 1177)); *Carpenter*, No. 25-6064, slip op. 3 (same).

Carpenter's attempt to distinguish *Zurixx* is not persuasive. He contends that there, the appellant's motion did not request modification of the injunction, unlike his motion. But the crux of *Zurixx* is that an appellant's characterization of the order being appealed does not control. *See* 26 F.4th at 1176. And that makes practical sense. Were it otherwise, a party might create appellate jurisdiction simply by

9

including a request to dissolve an injunction or wind up a receivership in any motion presented to the district court. Thus, we lack jurisdiction under § 1292(a)(2) to review the district court's order denying Carpenter's motion to dismiss.[3]

## Conclusion

We dismiss the appeal for lack of jurisdiction.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] Carpenter makes no independent argument to establish appellate jurisdiction over the district court's denial of the venue challenge included in his motion to dismiss. And we have long held that such rulings are neither final nor immediately appealable under the collateral-order doctrine. *See United States v. Martin*, 620 F.2d 237, 238 (10th Cir. 1980). So we likewise lack jurisdiction over that aspect of the district court's ruling.